UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

WILFRED PINNACE,

        Petitioner,        Case No. 1:11-cv-749

v.        Honorable Gordon J. Quist

JOHN PRELESNIK,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is serving a term of 10 to 15 years, imposed by the Washtenaw County Circuit Court on June 24, 2008, after Petitioner pleaded nolo contendere to third-degree criminal sexual conduct (CSC III), MICH. COMP. LAWS § 750.520d. In his *pro se* petition, Petitioner raises one ground for relief, as follows:

> THE TRIAL COURT ABUSE[D] ITS DISCRETION BY DENYING PETITIONER'S MOTION TO SET ASIDE HIS NO CONTEST PLEA AFTER SENTENCING, THUS VIOLAT[ING] PETITIONER'S DUE PROCESS RIGHT UNDER THE CONSTITUTION.

(Pet., docket #1, Page ID#6.) Respondent has filed an answer to the petition (docket #4) stating that the ground should be denied because it is without merit. Upon review and applying the AEDPA standards, I find that Petitioner's sole issue on habeas review is without merit. Accordingly, I recommend that the petition be denied.

## **Procedural History**

### A.     Trial Court Proceedings

The state prosecution arose from the rape of his nine-year-old step-daughter. Petitioner was charged with two counts of first-degree criminal sexual conduct (CSC I), for which the minimum sentence was 25 years and the maximum sentence was life. On June 24, 2008, the complaint was amended to add one count of CSC III. That same date, Petitioner entered a nolo contendere plea to the CSC III count, in exchange for the dismissal of the CSC I counts. The plea agreement also included an agreement to a prison sentence of 10 to 15 years, as well as the dismissal of another pending case. (6/24/08 Plea Hr'g Tr., 3-5, docket #7, Page ID##183-85.) On July 22, 2008, Petitioner was sentenced to serve a prison term of 10 to 15 years. (Sentencing Tr. (S. Tr.), 5, docket #8, Page ID#195.)

Appellate counsel was appointed for Petitioner, and, on January 26, 2009, counsel filed a motion in the trial court, seeking to set aside the plea. The motion was not decided, and defense counsel made no effort to obtain a decision on the motion, ostensibly because counsel was pursuing medical information about Petitioner's mental health and medications at the time of the plea. On January 13, 2010, Petitioner filed an amended motion to set aside the plea. The amended motion was heard on February 16, 2010, and an order denying the amended motion issued on March 12, 2010. (*See* 2/16/10 Mot. Hr'g Tr., docket #9, Page ID##198-210; Cir. Ct. Order, docket #6, Page ID#177.)

### B.     Direct Appeal

On March 31, 2010, Petitioner filed a delayed application for leave to appeal to the Michigan Court of Appeals. The motion raised the same issue presented in this application for

habeas corpus relief. (*See* Def.-Appellant's Br. on Appeal, docket #10, Page ID#214.) In an order issued on May 14, 2010, the Michigan Court of Appeals denied the application for leave to appeal for lack of merit in the grounds presented. (*See* 5/14/10 Mich. Ct. App. Order, docket #10 Page ID#211.)

Petitioner filed a pro per application for leave to appeal to the Michigan Supreme Court. Petitioner raised the same claim raised before and rejected by the Michigan Court of Appeals. On September 27, 2010, the Michigan Supreme Court denied his application for leave to appeal because it was not persuaded that the questions presented should be reviewed. (*See* 9/27/10 Mich. Order, docket #11, Page ID#237.)

## **Standard of Review**

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and

not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Bailey*, 271 F.3d at 655; *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). The inquiry is "limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time [the petitioner's] conviction became final." *Onifer v. Tyszkiewicz*, 255 F.3d 313, 318 (6th Cir. 2001); *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).

A decision of the state court may only be overturned if (1) it applies a rule that contradicts the governing law set forth by the Supreme Court, (2) it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result, (3) it identifies the correct governing legal rule from the Supreme Court precedent but unreasonably applies it to the facts of the case, or (4) it either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend a principle to a context where it should apply. *Bailey*, 271 F.3d at 655 (citing *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694; *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411; *accord Bell*, 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Id.* at 410.

Where the state appellate court has issued a summary affirmance, it is strongly presumed to have been made on the merits, and a federal court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA. *See Harrington v. Richter*, 131 S. Ct. 770, 784 (2011); *see also Johnson v. Williams*, 133 S. Ct. 1088, 1094 (2013); *Werth v. Bell*, 692 F.3d 486, 494 (6th Cir. 2012) (applying *Harrington* and holding that a summary denial of leave to appeal by a Michigan appellate court is considered a decision on the merits entitled to AEDPA deference). The presumption, however, is not irrebuttable. *Johnson*, 133 S. Ct. at 1096. Where other circumstances indicate that the state court has not addressed the merits of a claim, the court conducts *de novo* review. *See id.* (recognizing that, among other things, if the state court only decided the issue based on a state standard different from the federal standard, the presumption arguably might be overcome); *see also Richter*, 131 S. Ct. at 785 (noting that the presumption that the state-court's decision was on the merits "may be overcome when there is reason to think some other explanation for the state court's decision is more likely"); *Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (reviewing habeas issue *de novo* where state courts had not reached the question).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429; *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

Applying the foregoing standards under the AEDPA, I find that Petitioner is not entitled to relief.

### **Discussion**

In his first and only ground for habeas relief, Petitioner contends that he should have been allowed to withdraw his plea because it was not voluntarily entered. Petitioner asserts that, at the time of the plea, he was under the influence of numerous psychoactive drugs and was not competent to enter a plea. In addition, he claims that he did not understand that the offense to which he pleaded guilty required penetration, an element he denies.

It has long been the case that a valid guilty or nolo contendere plea bars habeas review of most non-jurisdictional claims alleging antecedent violations of constitutional rights. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Among claims not barred are those that challenge "the very power of the State to bring the defendant into court to answer the charge against him," *Blackledge v. Perry*, 417 U.S. 21, 30 (1974), and those that challenge the validity of the guilty plea itself. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Haring v. Prosise*, 462 U.S. 306, 320 (1983); *Tollett*, 411 U.S. at 267. A plea not voluntarily and intelligently made has been obtained in violation of due process and is void. *See McCarthy v. United States*, 394 U.S. 459, 466 (1969).

To the extent that Petitioner now contends that his plea is invalid because he never intended to admit to penetration, which was a necessary element of the CSC III offense, he fails to raise a question of constitutional magnitude. The test for determining a plea's validity is "'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill*, 474 U.S. at 56 (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). Courts assessing whether a defendant's plea is valid look to "all of the relevant circumstances

surrounding it," *Brady v. United States*, 397 U.S. 742, 749 (1970), and may consider such factors as whether there is evidence of factual guilt. While courts may consider whether a factual basis of guilt exists in their assessments of its validity, it has generally been held that the Constitution does not require that they ensure such a basis exists. *See Alford*, 400 U.S. at 31 ("Strong evidence of guilt may suffice to sustain a conviction on an *Alford* plea, and may be essential under FED. R. CRIM. P. 11, but it is not necessary to comply with the Constitution."); *see also Matthew v. Johnson*, 201 F.3d 353, 365 (5th Cir. 2000); *Wallace v. Turner*, 695 F.2d 545, 548 (11th Cir. 1983); *Thundershield v. Solem*, 565 F.2d 1018 (8th Cir. 1977); *Edwards v. Garrison*, 529 F.2d 1374, 1376 (4th Cir. 1975); *Roddy v. Black*, 516 F.2d 1380, 1385 (6th Cir. 1975); *Freeman v. Page*, 443 F.2d 493, 497 (10th Cir. 1971).[1]

To the extent that Petitioner complains that his plea was not voluntary, he fails to make the requisite showing. When a state defendant brings a federal habeas petition challenging the voluntariness of his plea, the state generally satisfies its burden of showing a voluntary and intelligent plea by producing a transcript of the state-court proceeding. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993). Where the transcript is adequate to show that the plea was voluntary and intelligent, a presumption of correctness attaches to the state court findings of fact and to the judgment itself. *Id.* A satisfactory state-court transcript, containing findings after a proper plea colloquy, places upon petitioner a "heavy burden" to overturn the state findings. *Id.* at 328; *see Parke v. Raley*, 506 U.S. 20, 29 (1992).

---

[1] In addition, Petitioner's claim is factually unsupported. The state court, in accepting the plea of nolo contendere, relied upon a variety of information submitted to the court by stipulation. (*See* Plea Hr'g Tr. at 4; 2/16/10 Mot. Hr'g Tr. at 11.) Petitioner was not required to admit to penetration during the plea proceeding. By pleading nolo contendere, he agreed not to dispute the evidence presented by the prosecution. Petitioner has never contended that the statements and police reports presented to the court failed to include allegations of penetration.

The state has provided a copy of the plea proceedings. During the course of the proceedings, the parties introduced the terms of the plea agreement, under which Petitioner agreed to plead to one count of CSC III, in exchange for the dismissal of two counts of CSC I and the dismissal of another pending case. The agreement also provided for a minimum sentence of 10 to 15 years' imprisonment. (Plea Hr'g Tr., 3-5, Page ID##184-85.) The trial judge carefully informed Petitioner of the minimum and maximum sentences of the counts being dismissed (25 years to life imprisonment) and the maximum sentence of the count to which he was pleading (15 years). (*Id.* at 5.) Petitioner stated that he understood the maximum penalties involved. (*Id.* at 6.) The court carefully instructed Petitioner about the trial rights he would be waiving if he entered the plea. (*Id.*) Petitioner expressly stated that he understood those rights and understood that he was waiving them. (*Id.* at 7.) Petitioner also stated that he understood that, in exchange for his plea, the CSC I counts would be dismissed, as would the other pending case. (*Id.*) Petitioner denied that he had been promised anything else, and he denied that he had been coerced or threatened into entering his plea. (*Id.* at 8.) Only after Petitioner had answered the questions did the trial court agree to accept the plea. (*Id.*) The plea transcript contains no suggestion that Petitioner did not understand the nature of his plea or was incompetent to enter that plea.

Further, when he was sentenced on June 22, 2008, Petitioner appeared to be perfectly lucid. He spoke at some length, and, while he complained that he had not been treated fairly and that the presentence report failed to include a report of a doctor's examination, Petitioner never asserted that his plea was not made voluntarily, knowingly or understandingly. (S. Tr. at 3–5.) The plea agreement provided a substantial benefit to Petitioner in exchange for his plea to a lesser

offense. Nothing in the record of the plea and sentence undermined the state-court's determination that the plea was voluntarily and understandingly made. *Garcia*, 991 F.2d at 328.

Moreover, nothing introduced in the post-conviction motion raised a bona fide question concerning Petitioner's competency. Petitioner's first motion to withdraw the plea was not filed until January 26, 2009, six months after he was sentenced. Petitioner made no effort to obtain a decision on his motion for nearly a year. Finally, on January 13, 2010, Petitioner filed an amended motion to withdraw his plea, arguing that he was not competent to enter a plea because he was under the influence of several psychotropic medications. After a hearing, the state trial court denied Petitioner's amended motion to set aside the plea, as follows:

> [T]he defendant alleges that he was under the influence of psychotropic drugs and that he was not making an understanding plea at the time he pled no contest because of his mental condition. I did spend some time with the defendant inquiring into whether he understood what he was doing, whether he understood the sentence agreement, whether he understood the impact of pleading no contest. He indicated to me that he did. My observations of him at the time were that he certainly seemed to understand fully what he was doing and there was no indication that he was somehow not coherent or not competent to enter that plea. There was never a suggestion of that till long after he was sentenced.
>
> Subsequently, examinations have shown the defendant, while still apparently on the same types of drugs, to still be competent. And, those – those examinations were conducted in accordance with his subsequent offenses for which he also pled later.[2]
>
> So, I see no basis on which this plea should be withdrawn following – after sentence and the motion is denied.

---

[2]It appears that, while he was awaiting sentencing in the instant case, Petitioner made an escape attempt. He was charged with escape while awaiting trial on a felony, MICH. COMP. LAWS § 750.1972, and malicious destruction of police property, MICH. COMP. LAWS § 750.337b, and he eventually pleaded nolo contendere and was sentenced for those offenses on August 4, 2009. *See* MDOC Offender Tracking and Information Service, http://mdocweb.state.mi.us/OTIS2 /otis2profile.aspx?mdocNumber=695044. During the course of those proceedings, Petitioner's competency was in issue. Petitioner was examined by an expert, but ultimately was found competent to plead nolo contendere, notwithstanding the fact that he remained on the same medications he was taking at the time he entered his plea in the instant case.

(2/21/10 Mot. Hr'g Tr., docket #9, Page ID##208-09.)  The trial court's determination of voluntariness is presumed to be correct unless Petitioner rebuts that presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Garcia v. Johnson*, 991 F.2d 324, 326-27 (6th Cir. 1993) (holding that state court findings regarding the propriety of the plea are accorded the presumption of correctness if the record otherwise supports those findings).

A state defendant has no constitutionally guaranteed right to withdraw a guilty or nolo contendere plea. *See Carwile v. Smith*, 874 F.2d 382 (6th Cir. 1989); *see also Lott v. United States*, 367 U.S. 421, 429-30 ("[A]fter its entry, 'the plea of nolo contendere, upon that question (of guilt or innocence) and for that case, was as conclusive as a plea of guilty would have been.'") (quoting *Hudson v. United States*, 272 U.S. 451, 455 (1926)).  The only constitutional challenge that a habeas court may entertain with regard to a plea of guilty or nolo contendere is that the plea was not entered in a knowing and voluntary fashion under the standards set forth in *Boykin v. Alabama*, 395 U.S. 238 (1969).  A habeas court is restricted to these federal principles, and may not grant habeas relief on the basis of state law governing the taking or withdrawal of guilty pleas. *Riggins v. McMackin*, 935 F.2d 790, 794-95 (6th Cir. 1991).  Consequently, the question whether petitioner should have been allowed in the court's discretion to withdraw his guilty plea under state-court rules is not reviewable in habeas corpus.

It is well established that a court should not accept a defendant's guilty plea unless the defendant enters the plea "competently and intelligently." *See Godinez v. Moran*, 509 U.S. 389, 396 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 468 (1938)).  The standard of "competence" required to plead guilty or nolo contendere is the same standard used by courts to determine whether an individual is fit to stand trial, that is, "'whether the defendant has sufficient present ability to

consult with his lawyer with a reasonable degree of rational understanding' and 'has a rational as well as factual understanding of the proceedings against him.'" *Id.* (quoting *Dusky v. United States*, 362 U.S. 402 (1960)). In addition, prior to accepting a guilty plea, a district court must "satisfy itself that the waiver of his constitutional rights is knowing and voluntary." *Id.* at 400 (citations omitted). A court's failure to hold a proper hearing where substantial evidence exists of the defendant's incompetency violates the defendant's due process right to a fair trial. *Mackey v. Dutton*, 217 F.3d 399, 411 (6th Cir. 2000). "[T]he standard . . . for requiring competency hearings prior to trial or the entry of a guilty plea is not merely whether extant evidence raises 'doubt' as to the defendant's capacity to stand trial, but rather whether evidence raises a 'bona fide doubt' as to a defendant's competence." *Warren v. Lewis*, 365 F.3d 529, 533 (6th Cir. 2004). In reaching its determination regarding competency, a court should consider evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion concerning his competence. *Mackey*, 217 F.3d at 411. While a state may presume that a defendant is competent to stand trial and require him to proved his incompetency by the preponderance of the evidence, *Medina v. California*, 505 U.S. 437, 449 (1992), the state violates his due process rights if it requires the defendant to prove his incompetence by clear and convincing evidence. *Cooper v. Oklahoma*, 517 U.S. 348, 368-69 (1996).

Petitioner does not even suggest that his responses or demeanor at the plea and sentencing hearings provided a bona fide doubt about his competence to plead no contest. Moreover, Petitioner has presented no facts to dispute the court's post-conviction finding that he was competent – much less clear and convincing evidence that would be sufficient to rebut the presumption of correctness. Petitioner argues, as he did in the state courts, that he was taking

clonidine, hydrochlorothiazide, Atenolol, Enakapril, Risperidone, Mirtazapine, and Omeprazole, which collectively could have caused "dizziness and lightheadedness, faintness, depression, confusion, severe anxiety, [and] sedation . . . ." (2/16/10 Mot. Hr'g Tr. at 4, docket #9, Page ID#201.) Even accepting Petitioner's claim that the drugs could have caused the listed symptoms, Petitioner failed, in both his state-court proceedings and in his habeas brief, to demonstrate that he experienced those symptoms. Indeed, Petitioner has at no time specified which of the symptoms he was experiencing at the time he entered his plea, beyond stating in his appellate brief that he was having trouble sleeping because of a buzzing in his ears. Such allegations fall short of demonstrating that Petitioner was incompetent to understand the substance of his plea agreement and the consequences of his agreement to plead nolo contendere to the CSC III charge.

In sum, the state-courts' determination that Petitioner was competent to enter a plea of nolo contendere and that his plea was entered knowingly, voluntarily and understandingly constituted a reasonable determination of the facts on the record evidence. Petitioner has failed to show there was a violation of due process.

### Recommended Disposition

For the foregoing reasons, I respectfully recommend that the habeas corpus petition be denied.

Dated:  April 16, 2014              /s/ Hugh W. Brenneman, Jr.
                                    HUGH W. BRENNEMAN, JR.
                                    United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).